**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No.  13-cr-00218-JLK

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

1. **DR. JOSEPH FERRARA,**
    a/k/a "DR. JOE",
2. **KEITH SCHWARTZ,**
    a/k/a "BERNIE KYPE",
3. **LAUREN SCHWARTZ,**
4. **KARYNE SMITH,**
    a/k/a "KARYNE CLARK",
5. **KAREN PLAIA,**
6. **MELISSA TOOTHMAN,**

        Defendants.

**PROTECTIVE ORDER REGARDING DISCOVERY**

The Court has reviewed the Government's unopposed Motion for the issuance of a protective order regarding the production of all discovery in this case (doc. #70), filed June 6, 2013.  The Court finds that sufficient legal authority has been cited, and sufficient factual information has been set forth, to support the issuance of the requested protective order under the authority of Federal Rules of Criminal Procedure 16 and 26.2, the All Writs Act, and governing judicial authority.

Accordingly, the Court orders that a protective order shall issue providing that the Rule 16 and Rule 26.2 (Jencks Act) protected documents, such as audio files, photographs, personal identifying information, witness statements, financial records, medical records,

1

reports of statements of witnesses or persons assisting law enforcement, and all other items produced in discovery, shall not be left in the custody of any third party who is not related to the case in the person of defendant, defense counsel, investigators for respective defendants, expert consulted and retained in the litigation of the case, administrative assistants, and other persons related to the case as determined under the guidance and discretion of defense counsel. The Court orders the same protections for all materials voluntarily disclosed by the Government that do not fit under the strict ambit of the disclosure obligations delineated in the Federal Rules of Criminal Procedure.  The Court further enters an order prohibiting unauthorized publication, duplication, or circulation of digital recordings, medical records, written documents including but not limited to photographs or personal identifying information reflected in NCIC/CCIC types of reports, bank records, and all other documents that may be disclosed to the defense unless specifically authorized by the Court pursuant to Order. The Court orders defense counsel to maintain a registry of discovery that is copied and disseminated.  Finally, the Court orders defense counsel to take possession of all items copied and disseminated in discovery at the conclusion of the case, and to elect between the options of retaining all copies in their official files, shredding copies not needed for file retention, or return of the items of the discovery to Government Counsel.

So ordered this 6th day of June, 2013

*S/John L. Kane*_____
SENIOR JUDGE JOHN L. KANE
United States District Court
District of Colorado